The opinion of the Court was delivered by
Gantt, J.
It lias been admitted in. the argument of the case, that the owner of the goods on freight may authorize their delivery at an intermediate port; and that if supervenient causes render the landing of the goods necessary, and he accept them, at such place of lauding, that the carrier is entitled thereby to pro rata freight. All the grounds taken in this case are therefore resolvable into one, viz.: whether there was such an acceptance of the cotton, taken on freight by the defendants, at the Island of Beaufort, as entitles the plaintiff to this compensation? Under this view, it would seem, that a jury were alone the judges of the fact; and having by their verdict allowed pro rata freight to the plaintiff in this case, that verdict cannot and ought not to be disturbed, unless it clearly appears to have been found against the weight of testimony. That it is legal to allow pro rata freight, where there has been an acceptance of the goods by the owner, is not here made a question ; nor will it be contended, that if the goods were actually accepted, that the carrier was under any obligation, on the raising of the embargo, to proceed with them to the original port of destination. This is therefore a question, which can derive no advantage from the adduction of authorities ; unless indeed ^ *vva3' of precedent, to show what other juries have thought in dubious cases ; and even then could not authorize this Court to set aside a verdict on a question of fact, dependant, for its decision, on its own peculiar circumstances. I will therefore look at the facts, and endeavor to ascertain whether the weight of the testimony, in favor of the goods not having been accepted, greatly preponderated. But, before I do so, I will remark, that in every contract of this kind, it seems but equitable, (whatever decisions may have said to the contrary,) that in a game of hazard like the present, mutually undertaken, and with a view to the advantage of both parties, in ease of discomfiture, the loss of the enterprise ought not to devolve on the carrier alone. Indeed, on an emergency so dangerous as the transportation of goods, at the time of this undertaking, it can hardly be conceived, that it did not enter into the contemplation of the contracting parties, that if the voyage was defeated, still the carrier should be allowed something by way of retribution for his trouble. I am aware of the general doctrine, that to entitle the carrier to freight, the contract must be fulfilled on his part, by delivering the goods at the port of destination. But as every general rule is said to admit of an exception, so I think there may be cases of contracts of this nature, where supervenient causes would sanction a departure from the general law, and entitle the carrier to compensation, although the contemplated voyage and undertaking had been frustrated.
Id the present case, the owner of the goods on receiving information of the detention of the vessel by authority of the general government, seemed to have declined the wish, that the voyage should be prosecuted. Danger awaited the enterprise. It was then they should have insisted on the fulfilment of the contract, and directed that the carrier should, in despite of authority, endeavor to force his way to the desired port of destination. But this was promptly abandoned, and explicitly so, on their part. The answer they returned, was to bring the goods back. Did this look like a determination on *their part, that the voyage should go on ? And if, under this requisition of the defendants, the carrier had found it practicable to return, and acting under the *81 authority and directions of the defendants, had sailed back to the port of Charleston, would he not in justice have been entitled to pro rata freight ? The carrier asks, what am I to do ? The vigilance of the general government, and its determination to prevent anything like illicit traffic, has arrested me in my course. Dangers await the enterprise on all sides. He does not say indeed, shall I endeavor to outwit them, and get there at all hazards ; but this may be implied from a liberal construction of the inquiry. The owners, un der existing circumstances, required the cargo to be brought back ; then the design of sending it to Amelia was unequivocally relinquished, and there is no colorable excuse for the pretence at this time, that their intention was, on the embargo being raised, to insist on the fulfilment of the contract by the carrier. On receiving the seeond communication from the carrier, that he was not permitted to return, and that the goods must of necessity be landed in ten days, he was informed by the owners, that he might leave the cargo at Beaufort, with one Francis Anone. Anone did receive and store the same, and gave to the carrier a receipt, that the goods had been received by him. Here, then, was an acceptance of the goods by Anone, as the agent of the owners, evidenced by a receipt taken.
But it is said, that this acceptance is to receive a qualified construction ; that it was to keep pace with the embargo, and end at the same time. That the prosecution of the voyage was still contemplated by the owners, when it could be done, and that as the carrier had intermediately disqualified himself from fulfilling the contract, by the sale of his schooner, he had thereby forfeited all right of demand for freight, as it was then out of his power to carry the contract into execution. Whenever goods are delivered and accepted, freight is due. Abbot, 282, Pinto v. Atwater. (1 Day’s Rep. 201. Cain. Ca. 21.)
*1 am decidedly of opinion, that the delivery to, and acceptance by Anone, under the order of the defendants, is and ought to be as effectual in law, as if the goods had been received and accepted by the owners themselves at Beaufort. It was for their interest, that they should be safely landed and stored there, and they gave directions accordingly. In every point of view, I think the demand for freight, pro rata, was, under the circumstances of the case, strictly legal and justifiable.
The vis major, so often spoken of during the present term, has countenanced those views of gain which were expected to be reaped by a voyage to Amelia Island, and the owners were no doubt pleased that the property had been safely stored with Mr. Anone, their agent at Beaufort, pursuant to their order. I am not able to discover how the permission to leave the cargo with Anone should be considered in the light of an accommodation to the plaintiff. Why the plaintiff should have delayed the exhibition of a demand for pro rata freight, I know not. It may be, that he thought it could not be recovered, as had been contended. But the law will excuse this delay, if founded on a misapprehension and ignorance of his right to pro rata freight. But why he did not, is matter of conjecture and doubt; that he is entitled to recover, is to my mind evident.
I am of opinion that the defendants should fail in their motion, and that the verdict should stand.
Colcocic and Johnson, JJ., concurred.